HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN MALEK,

        Plaintiff,

      v.

MONTCLAIR HOTEL INVESTORS, et al.,

        Defendants.

CASE NO. C09-1200RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the court on the Defendant's motion for summary judgment (Dkt. # 11).  Neither party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence.  For the reasons explained below, the court GRANTS the motion (Dkt. # 11).

## II.   BACKGROUND

Before September 11, 2006, Plaintiff Kathleen Malek was employed as a housekeeper at the Holiday Inn Renton, which was managed by Defendant Sunstone Hotel Properties ("Sunstone").  Sunstone sold the Holiday Inn Renton to Trinity Hotel

ORDER – 1

Investors, LLC ("Trinity"), on September 11, 2006, and Trinity engaged Montclair Hotel Investors ("Montclair") to operate the hotel.  *See* Sanford Decl., ¶¶ 4-5.  The sale closed at 11:59 p.m. on September 11, 2006, and as of that date and time, management of the hotel passed from Sunstone to Montclair.  Also on that date, Sunstone terminated all of the Holiday Inn Renton employees, and Montclair had communicated an intent to transition them to employment with Montclair.  *See* Zissler Decl. (Dkt. # 15-1), Ex. 1 at 21:21-25.

On the morning of September 12, after Ms. Malek had allegedly worked for multiple hours, Montclair employees informed Ms. Malek that Montclair would not hire her to work at the Holiday Inn Renton.  *See* Sanford Decl., ¶¶ 9-10; Hansen Decl., ¶ 12. Ms. Malek filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the decision not to hire her was discriminatory on the basis of age and disability.[1]  Ms. Malek later filed this lawsuit, alleging state and federal claims of employment discrimination, negligent supervision and/or retention,[2] outrage, and violation of Washington's Minimum Wage Act.  Though Ms. Malek named many parties as Defendants in this lawsuit, she only served the summons and complaint on Sunstone. Sunstone now moves for summary judgment.

---

[1] It appears that the EEOC did not distinguish between the actions of Montclair employees and the actions of Sunstone employees in finding "reasonable cause to believe that there is a violation of the [Americans With Disabilities Act] as the investigation found that [Sunstone/Montclair] regarded the Charging Party as disabled, and used this misperception to deny her continued employment." *Compare* Grant Decl., Ex. 1, *with* 2d Zissler Decl. (Dkt. # 25), Ex. 1.  Because the only entity that denied Ms. Malek "continued employment" was Montclair, assuming that the EEOC letters are properly before the court, the court finds that they do not support Sunstone's liability in this lawsuit.

[2] Ms. Malek conceded in her Opposition that the negligence claim should be dismissed. *See* Pltf.'s Opp'n (Dkt. # 17) at 2:1-2.

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   ANALYSIS

**A.   Legal Standards.**

Summary judgment is appropriate if the moving party establishes that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

**B.   Plaintiff's Claims Against Sunstone Fail as a Matter of Law Because None of the Plaintiff's Claims are Based on Sunstone's Conduct.**

The crux of Sunstone's argument for summary judgment is that the action that gave rise to all of Ms. Malek's claims — namely, the decision not to hire Ms. Malek on September 12 — was taken by Montclair, not Sunstone.  Though Ms. Malek opposes Sunstone's motion, she nonetheless does not dispute that Sunstone terminated all of its employees on September 11 due to the sale of the hotel, or that Montclair employees made the decision not to hire Ms. Malek on September 12.  *See* Zissler Decl. (Dkt. # 15), Ex. C at 77:1-80:2 (Ms. Malek's deposition describing Montclair's decision not to hire her); Grant Decl. (Dkt. # 17-1), Exs. 3-4 (e-mails between Montclair employees describing Sunstone's termination of all its employees, and Montclair's decision not to hire Ms. Malek).

Ms. Malek's admission (in her deposition testimony cited above and in her Opposition at 3:2, 7:14, 9:24-25, 10:13-16) that *Montclair* was the entity that made the decision not to hire her is fatal to all of her claims, because that action is the basis for her employment discrimination claims and the outrage claim.  Ms. Malek's wage claim is based on the fact that she worked for a number of hours on September 12 before Montclair informed her that Montclair was not hiring her, and then did not pay for that work — and again, Ms. Malek asserts that Montclair failed to pay for that work, not Sunstone.  *See* Pltf.'s Opp'n at 9:22-25 ("[Ms. Malek] was never paid . . . and was only told she was not a Montclair employee after *it* benefited from her services.") (emphasis

ORDER – 3

added).  Though Ms. Malek named Montclair and Montclair employees as Defendants in this lawsuit, she did not serve them with the summons and complaint.[3]  Because there is no dispute that Sunstone, the only Defendant who has been served with the summons and complaint, did not take any of the actions complained of by Ms. Malek, there is no genuine dispute of material fact with regard to Sunstone and Sunstone is entitled to judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS the Defendant's motion (Dkt. # 11). DATED this 7th day of February, 2011.


The Honorable Richard A. Jones
United States District Judge

---

[3] Because more than 120 days have passed since the complaint was filed, the court dismisses Ms. Malek's claims against the unserved Defendants without prejudice, under Federal Rule of Civil Procedure 4(m).

ORDER – 4